
University of North Carolina Wilmington

27 April 2021
Re: Amended Application for Multi-Court Exemption from the Judicial Conference's Electronic Public Access Fees

Dear representatives of the Multi-Court Exemptions Court Programs Division,

I am writing to submit an amended application for a Multi-Court Exemption from the Judicial Conference's Electronic Public Access Fees for my project titled "The Deterrent Effect of Federal Corporate Agreements." My original request did not meet the requirement for an exemption because the application was overly broad. This letter will respond to each point in the email I received (dated Thursday, April 8, 2021) to offer more specific details about the project.

This project is an examination of corporate deterrence and recidivism. Our sample is 174 public organizations that signed deferred prosecution and non-prosecution agreements with federal prosecutors between 1992-2020. These two types of agreements are often treated distinctly from plea bargains, so we are not examining plea agreements. We are seeking records of civil, criminal, and regulatory violations that were filed against each organization after the date of the agreement. We will use this information to determine the frequency of violations to gauge the effectiveness of corporate agreements in preventing recidivism. We will be using specific details of each organization's agreement and the details of subsequent violations to identify patterns.

Our sample was derived from the Corporate Prosecution Registry maintained by Garrett and Ashley (available at https://corporate-prosecution-registry.com/). The CPR contains records of organizations that have signed federal organizational agreements between the years 1992 to 2020. The database, which is publicly available through its website, includes the organizations' names and details of the agreements, including the dates the agreements were proposed and completed. Garrett and Ashley continually update the case information as details are found. The database, as of December 2020, contained records of 4,338 agreements, 580 of which were deferred prosecution and non-prosecution agreements (the remaining were largely plea agreements). The federal government does not maintain records of agreements, so private efforts like the CPR are the only sources for this kind of information.

After downloading the CPR from the website, we examined each of the 580 records of deferred prosecution and non-prosecution agreements to determine if the organization had been publicly traded on the New York Stock Exchange. We used multiple sources to verify each organization's ownership status, including the Wharton Research Data Services Compustat database, Mergent Online, Standard & Poor's NetAdvantage, and the Securities and Exchange Commission's Electronic Data Gathering, Analysis, and Retrieval system. After conducting these searches, we determined that 174 of the 580 organizations that signed deferred prosecution and non-

prosecution agreements are currently publicly traded or have been in the past. A list of these organizations is provided in Appendix 1: List of Companies in Sample.

Because one of the argued purposes of signing an agreement is to decrease the likelihood of future violations committed by the organization, our research largely focuses on conducting various studies to locate subsequent violations. We have been conducting searches for violations with multiple sources, including news outlets, Westlaw, the Environmental Protection Agency, and the Stanford Class Action Databases. We anticipate including other regulatory searches as well.

To conduct a comprehensive search of violations for each organization, we also need to search for federal criminal and civil records using PACER. We originally filed an Application for Multi-Court Exemption from the Judicial Conference's Electronic Public Access Fees to assist in these searches, requesting an exemption from all bankruptcy, district, appellate, and specialty courts. We originally anticipated needing to conduct searches for violations for all 174 organizations and also obtain documentation for each search result. After conducting preliminary searches using PACER, we would like to clarify and slightly amend our request.

We have recognized that we will only be counting subsequent cases in which the organization was named as a *defendant* for our measures of recidivism. We do not need fee exemptions for bankruptcy cases since we will not be considering those as violations. I have included an Amended Application for Multi-Court Exemption from the Judicial Conference's Electronic Public Access Fees as Appendix 3 to indicate that we are no longer requesting exemptions for bankruptcy searches. We will be eliminating bankruptcy cases from our searches.

Our preliminary searches showed that conducting a party search for each organization in PACER including all types of courts gives us the information we are seeking to include in our analyses. For each organization, the basic search provides the number of cases that involved the organization, as well as the case number, case year, court ID, party role, date discharged, and disposition of each case. We have determined that we will only need to access further documentation in a few rare cases. One example is if the organization's party role is listed as unknown or blank, we will be conducting additional research to determine if the organization was a defendant. Additionally, if a record appears with a similar name for the organization or an incomplete name, we will be conducting additional research to determine the full name of the organization involved in the case. For example, if a record is listed in PACER under a variation of the company's name, such as *ArthroCare* instead of the full name of *ArthroCare Corporation*, we will conduct additional research to determine if they are the same organization. The documents we will likely use to conduct eliminations of similar names will be the docket report, complaints, and/or final judgments. Following your suggestions, we will use free publicly available sources including www.govinfo.gov and others to obtain these documents before using paid PACER documentation. Unfortunately, there is no way to determine for how many cases we will need to obtain PACER documentation, but we believe we can keep it to a minimum using free resources.

While we may not need PACER regularly to obtain documentation, we do need to utilize the PACER search tools to develop a list of records for the organizations. We believe that PACER is

the best way to complete a comprehensive search for records. We are still uncertain exactly the number of party searches we will need to conduct. We will need to conduct a minimum of 174 name searches, one for each organization. We are trying to keep our searches broad initially so there is less likelihood of missing cases. We are initially conducting these searches using the simplest form of each organization name, then filtering as necessary to obtain a number of results that is both manageable and accurate. For example, a search for *ArthroCare Corporation* would begin with *ArthroCare* in the district, appellate, and specialty courts. If there is a large number of results, we would focus the search after the organization signed the agreement. For example, if the organization signed the agreement in February 2008, this search would be narrowed to February 2008 to the present. If there were still a large number of results, we would specify the party role: records for *ArthroCare* after February 2008 in which the party was a defendant. To further eliminate if necessary, we might search for *ArthroCare Corp*. We might also use the exact name match search feature. Because the aim is to keep each search as broad as possible initially, organizations with common names or those with many records will require more than one party name search (potentially up to five per name). An estimate would be 400 party name searches to cover the 174 organizations.

Because organizations can be named as a defendant in cases in any federal jurisdiction, we are still seeking exemptions for all district, appellate, and specialty courts nationally. It is not in the best interests of achieving thorough research to limit our searches to specific courts based on geographical location or a specific type of case. We count any cases in which the organization was listed as a defendant to be a subsequent violation.

To summarize our amended request, we are seeking exemptions for *party name searches* of all national district, appellate, and specialty courts for the 174 organizations in our sample. We do not need a fee exemption for bankruptcy cases. Additionally, we anticipate only needing access to case documentation in the rare situation in which we are not able to determine if a search result is for the correct organization using media research. We are also seeking a fee exemption in the cases in which we need to obtain documentation through PACER to determine more details about a case.

Thank you for your consideration of our application. Please let me know if there is anything further I can provide.

Sincerely,

*Emily M Homer*

Emily M. Homer, PhD, Principal Investigator
HomerE@uncw.edu
Cell phone: 419-618-8101

Enclosures:
Appendix 1: List of Companies in the Sample
Appendix 2: Previous Request
Appendix 3: Amended Application for Multi-Court Exemption from the Judicial Conference's Electronic Public Access Fees

3

Appendix 1: List of Companies in Sample (compiled from Corporate Prosecution Registry)

| |
|---|
| AB Volvo |
| ABB Ltd. |
| AGCO Corp. |
| American International Group Inc. |
| Alcatel-Lucent, S.A. |
| Alliance One International, Inc. |
| Alpha Natural Resources, Inc. |
| America Online, Inc. |
| American Italian Pasta Co. |
| American Media, Inc. |
| AmSouth Bancorporation |
| Aon Corporation |
| Archer Daniels Midland Company |
| ArthroCare Corporation |
| Aurora Foods, Inc. |
| Avanir Pharmaceuticals, Inc. |
| Avon Products, Inc. |
| Baker Hughes, Incorporated |
| Banco Popular de Puerto Rico |
| Bank of New York |
| Bank of Nova Scotia (Scotiabank) |
| Beam Suntory, Inc. |
| Beazer Homes USA, Inc. |
| Bio-Rad Laboratories, Inc. |
| Bristol-Myers Squibb Company |
| C.R. Bard, Inc. |
| Canadian Imperial Bank of Commerce |
| CareFusion Corp. |
| Celadon Group, Inc. |
| Chevron Corporation |
| Chipotle Mexican Grill, Inc. |
| Computer Associates International, Inc. |
| Corning, Inc. |
| Coventry Health Care, Inc. |
| CSK Auto Corp. |
| Deutsche Bank AG |
| Deutsche Telekom AG |
| Diebold, Inc. |
| El Paso Corp. |

| |
|---|
| Elan Corp. plc |
| Embraer S.A. |
| Endocare, Inc. |
| ESI Entertainment Systems Inc. |
| Exide Technologies Inc. |
| FalconStor Software, Inc. |
| Faro Technologies, Inc. |
| Flowserve Corporation |
| Forest Laboratories, Inc. |
| Fresenius Medical Care AG & Co. KGaA |
| Friedman's, Inc. |
| General Cable Corp. |
| General Electric Company |
| General Motors Company |
| Genzyme Corporation |
| GlaxoSmithKline PLC |
| GNC Holdings, Inc. |
| Google, Inc. |
| Halliburton Company |
| Health Management Associates, LLC |
| HealthSouth Corporation |
| Helmerich & Payne, Inc. |
| Herbalife Nutrition, Ltd. |
| HSBC Holdings Plc |
| HSBC Holdings Plc |
| Imperial Holdings, Inc. |
| InVision Technologies, Inc. |
| ITT Corp. |
| JPMorgan Chase & Co. |
| Jazz Pharmaceuticals Inc. |
| JB Oxford Holdings Inc. |
| Jefferies Group, LLC |
| Johnson & Johnson |
| JPMorgan Chase & Co. |
| Kos Pharmaceuticals, Inc. |
| Las Vegas Sands Corp. |
| LATAM Airlines Group S.A. |
| Lawson Products, Inc. |
| Legg Mason, Inc. |
| Lender Processing Services, Inc. |
| Lloyds Banking Group PLC |

| |
|---|
| Lloyds TSB Bank plc |
| Lucent Technologies, Inc. |
| Magyar Telekom, Plc. |
| Maximus, Inc. |
| Maxwell Technologies, Inc. |
| MCI, Inc. |
| Medicis Pharmaceutical Corporation |
| Mellon Bank, N.A. |
| Merck & Co., Inc. |
| Merrill Lynch & Co., Inc. |
| Micrus Corp. |
| Mirant Energy Trading, LLC |
| Mobile TeleSystems PJSC |
| MoneyGram International, Inc. |
| Monsanto Co. |
| National Oilwell Varco, Inc. |
| NeuroMetrix, Inc. |
| NiSource, Inc. |
| Noble Corporation |
| Novo Nordisk A/S |
| Och-Ziff Capital Management Group, LLC |
| Optimal Group, Inc. |
| Orthofix International N.V. |
| Panalpina World Transport (Holding) Ltd. |
| Parker Drilling Company |
| Patterson Companies, Inc. |
| Penn Traffic Co. |
| Petroleo Brasileiro S.A. - Petrobras |
| Pfizer, Inc. |
| Pharmacia & Upjohn Company, LLC |
| Pilgrim's Pride Corporation |
| Power Solutions International, Inc. |
| PPG Industries |
| Pride International, Inc. |
| Progenity, Inc. |
| Quest Diagnostics, Inc. |
| RAE Systems, Inc. |
| Ralph Lauren Corporation |
| Republic Services, Inc. |
| Rite Aid ~~Corp.~~ Corporation |
| Royal Bank of Scotland PLC |

| |
|---|
| Salomon Brothers Inc. |
| Schnitzer Steel Incorporations, Inc. |
| Science Applications International Corporation |
| Serono S.A. |
| Shoppers Food Warehouse Corp. |
| Smith & Nephew PLC |
| Sociedad Quimica y Minera de Chile AKA Chemical & Mining Co of Chile Inc. |
| Spectranetics Corporation |
| State Street Corporation |
| Statoil, ASA |
| Stryker Corp. |
| Symbol Technologies Inc. |
| Technip S.A. |
| TechnipFMC plc |
| Telefonaktiebolaget LM Ericsson |
| Tenaris, S.A. |
| Tenet Healthcare Corporation |
| Teva Pharmaceutical Industries LTD |
| Textron, Inc. |
| The Boeing Company |
| The Goldman Sachs Group, Inc. |
| The Western Union Co. |
| Tommy Hilfiger Corp. |
| Total S.A. |
| Toyota Motor Corporation |
| Transocean LTD |
| Tyco International, Ltd. |
| Tyson Foods, Inc. |
| U.S. Bancorp |
| UBS AG |
| United Parcel Service, Inc. |
| United Technologies Corp. |
| Universal Corporation |
| Unum Group |
| VimpelCom Ltd. |
| Wachovia Bank, N.A. |
| Walmart, Inc. |
| Weatherford International Ltd. |
| Wellcare Health Plans, Inc. |
| Wells Fargo & Company |
| Westinghouse Air Brake Technologies Corporation |

| |
|---|
| Whitehall Jewellers, Inc. |
| Willbros Group, Inc. |
| York International Corporation |
| Zimmer Biomet Holdings, Inc. |
| Zimmer Holdings, Inc. |

Appendix 2: Previous Request

2 April 2021

Dear representatives of the Multi-Court Exemptions Court Programs Division,

I am writing to apply for a Multi-Court Exemption from the Judicial Conference's Electronic Public Access Fees. My research partner and I are conducting academic research on corporate recidivism. This is a joint project with my colleague at the University of North Carolina Wilmington, Michael O. Maume, with assistance from my graduate assistant. Our project is called "The Deterrent Effect of Federal Corporate Agreements."

Our project examines the relationship between publicly traded organizations that have signed deferred prosecution and non-prosecution agreements and their subsequent legal infractions. Beyond penalizing the company, part of the goal of signing these agreements is to deter subsequent legal activity.

We have identified a list of 174 public organizations that signed these agreements between 1992 and 2020 using the public-use Corporate Prosecution Registry database maintained by Garrett and Ashley. We are in the process of searching news outlets, state and federal regulatory agencies, and national court filings to locate records for each company. As available for each record, we are collecting information including dates of legal activity, charges filed, nature of each case, sentencing outcomes, etc.

If corporate agreements do have a deterrent effect, our results will show that organizations that have signed agreements are involved in few subsequent legal matters. Our research will be able to identify if the agreements are effective in preventing crime for different types of public companies, including separately examining the organizations by industry, type of violation, and features of the agreement. Our study can help identify if some companies are more likely to commit subsequent crime, creating opportunities for the evaluation of crime prevention techniques for publicly traded companies. Our work will bring fresh and much-needed public awareness to the empirical evidence of corporate deterrence.

Corporate deterrence is an area of concern in much of the academic literature. Unfortunately, few empirical studies have been conducted on this matter, and none to the depth that we will accomplish. We believe that part of the reason there have not been many studies is the difficulty and cost of obtaining access to the legal records. The searches through PACER are integral for completing exhaustive searches for corporate criminal and civil records. We anticipate that PACER will provide more extensive and accurate information regarding court cases than any other available source.

Given the current budget restrictions in higher education, we are seeking to be good stewards of our university and departmental resources and not utilize these limited funding sources for the PACER searches. It would be cost prohibitive to fund the searches ourselves. We examined the Federal Court Cases Integrated Database to see if it would suit our needs, but, unfortunately, these records are anonymized so we cannot use it to find records for specific organizations. We

are seeking the fee waiver to avoid unreasonable burdens on ourselves, to demonstrate to other academics how PACER can be utilized in research, and to promote public access to this information. We are seeking a fee waiver from April 1, 2021, to August 1, 2021. We should be able to conclude the searches within that time frame.

The results of this research will be incorporated into multiple manuscripts that will be submitted for publication in academic journals. We will also likely share some results at the American Society of Criminology conference in November 2021, and potentially other conferences. We do not intend to use the documentation for any purpose other than our academic research. We will not sell or publicly post any documentation we obtain.

Thank you for your consideration of our application. Please let me know if you need anything further from me.

Sincerely,

*Emily M Homer*

Emily M. Homer, PhD, Principal Investigator
HomerE@uncw.edu
Cell phone: 419-618-8101

Department of Sociology and Criminology

601 South College Road · Wilmington, North Carolina 28403-5978 · 910-962-3909 · Fax 910-962-7385

## Application for Multi-Court Exemption from the
## Judicial Conference's Electronic Public Access (EPA) Fees

1.) I am requesting an exemption from fees for public access to electronic case records for the courts selected below:

**Courts of Appeal**

- [x] All Courts of Appeal
- [ ] First Circuit
- [ ] Second Circuit
- [ ] Third Circuit
- [ ] Fourth Circuit
- [ ] Fifth Circuit
- [ ] Sixth Circuit
- [ ] Seventh Circuit
- [ ] Eighth Circuit
- [ ] Ninth Circuit
- [ ] Tenth Circuit
- [ ] Eleventh Circuit
- [ ] D.C. Circuit
- [ ] Federal Circuit

**Bankruptcy Appellate Panels (BAP)**

- [ ] First Circuit - BAP
- [ ] Sixth Circuit - BAP
- [ ] Eighth Circuit - BAP
- [ ] Ninth Circuit - BAP
- [ ] Tenth Circuit - BAP

**District Courts**

- [x] All District Courts
- [ ] Alabama Middle
- [ ] Alabama Northern
- [ ] Alabama Southern
- [ ] Alaska
- [ ] Arizona
- [ ] Arkansas Eastern
- [ ] Arkansas Western
- [ ] California Central
- [ ] California Eastern
- [ ] California Northern
- [ ] California Southern
- [ ] Colorado
- [ ] Connecticut
- [ ] Delaware
- [ ] District of Columbia
- [ ] Florida Middle
- [ ] Florida Northern
- [ ] Florida Southern
- [ ] Georgia Northern
- [ ] Georgia Middle
- [ ] Georgia Southern
- [ ] Guam
- [ ] Hawaii
- [ ] Idaho
- [ ] Illinois Northern
- [ ] Illinois Central
- [ ] Illinois Southern
- [ ] Indiana Northern
- [ ] Indiana Southern
- [ ] Iowa Northern
- [ ] Iowa Southern
- [ ] Kansas
- [ ] Kentucky Eastern
- [ ] Kentucky Western
- [ ] Louisiana Eastern
- [ ] Louisiana Middle
- [ ] Louisiana Western
- [ ] Maine
- [ ] Maryland
- [ ] Massachusetts
- [ ] Michigan Eastern
- [ ] Michigan Western
- [ ] Minnesota
- [ ] Mississippi Northern
- [ ] Mississippi Southern
- [ ] Missouri Eastern
- [ ] Missouri Western
- [ ] Montana
- [ ] Nebraska
- [ ] Nevada
- [ ] New Hampshire
- [ ] New Jersey
- [ ] New Mexico
- [ ] New York Eastern
- [ ] New York Northern
- [ ] New York Southern
- [ ] New York Western
- [ ] North Carolina Eastern
- [ ] North Carolina Middle
- [ ] North Carolina Western
- [ ] North Dakota
- [ ] Northern Mariana Islands
- [ ] Ohio Northern
- [ ] Ohio Southern
- [ ] Oklahoma Eastern
- [ ] Oklahoma Northern
- [ ] Oklahoma Western
- [ ] Oregon
- [ ] Pennsylvania Eastern
- [ ] Pennsylvania Middle
- [ ] Pennsylvania Western
- [ ] Puerto Rico
- [ ] Rhode Island
- [ ] South Carolina
- [ ] South Dakota
- [ ] Tennessee Eastern
- [ ] Tennessee Middle
- [ ] Tennessee Western
- [ ] Texas Eastern
- [ ] Texas Northern
- [ ] Texas Southern
- [ ] Texas Western
- [ ] Utah
- [ ] Vermont
- [ ] Virgin Islands
- [ ] Virginia Eastern
- [ ] Virginia Western
- [ ] Washington Eastern
- [ ] Washington Western
- [ ] West Virginia Northern
- [ ] West Virginia Southern
- [ ] Wisconsin Eastern
- [ ] Wisconsin Western
- [ ] Wyoming

**Bankruptcy Courts**

- [ ] All Bankruptcy Courts

| | | | |
|---|---|---|---|
| [ ] Alabama Middle | [ ] Illinois Northern | [ ] Nebraska | [ ] Rhode Island |
| [ ] Alabama Northern | [ ] Illinois Central | [ ] Nevada | [ ] South Carolina |
| [ ] Alabama Southern | [ ] Illinois Southern | [ ] New Hampshire | [ ] South Dakota |
| [ ] Alaska | [ ] Indiana Northern | [ ] New Jersey | [ ] Tennessee Eastern |
| [ ] Arizona | [ ] Indiana Southern | [ ] New Mexico | [ ] Tennessee Middle |
| [ ] Arkansas Eastern | [ ] Iowa Northern | [ ] New York Eastern | [ ] Tennessee Western |
| [ ] Arkansas Western | [ ] Iowa Southern | [ ] New York Northern | [ ] Texas Eastern |
| [ ] California Central | [ ] Kansas | [ ] New York Southern | [ ] Texas Northern |
| [ ] California Eastern | [ ] Kentucky Eastern | [ ] New York Western | [ ] Texas Southern |
| [ ] California Northern | [ ] Kentucky Western | [ ] North Carolina Eastern | [ ] Texas Western |
| [ ] California Southern | [ ] Louisiana Eastern | [ ] North Carolina Middle | [ ] Utah |
| [ ] Colorado | [ ] Louisiana Middle | [ ] North Carolina Western | [ ] Vermont |
| [ ] Connecticut | [ ] Louisiana Western | [ ] North Dakota | [ ] Virgin Islands |
| [ ] Delaware | [ ] Maine | [ ] Northern Mariana Islands | [ ] Virginia Eastern |
| [ ] District of Columbia | [ ] Maryland | [ ] Ohio Northern | [ ] Virginia Western |
| [ ] Florida Middle | [ ] Massachusetts | [ ] Ohio Southern | [ ] Washington Eastern |
| [ ] Florida Northern | [ ] Michigan Eastern | [ ] Oklahoma Eastern | [ ] Washington Western |
| [ ] Florida Southern | [ ] Michigan Western | [ ] Oklahoma Northern | [ ] West Virginia Northern |
| [ ] Georgia Northern | [ ] Minnesota | [ ] Oklahoma Western | [ ] West Virginia Southern |
| [ ] Georgia Middle | [ ] Mississippi Northern | [ ] Oregon | [ ] Wisconsin Eastern |
| [ ] Georgia Southern | [ ] Mississippi Southern | [ ] Pennsylvania Eastern | [ ] Wisconsin Western |
| [ ] Guam | [ ] Missouri Eastern | [ ] Pennsylvania Middle | [ ] Wyoming |
| [ ] Hawaii | [ ] Missouri Western | [ ] Pennsylvania Western | |
| [ ] Idaho | [ ] Montana | [ ] Puerto Rico | |

**National Courts**

- [x] Judicial Panel on Multidistrict Litigation
- [x] U.S. Court of Federal Claims
- [x] U.S. Court of International Trade

2.) I am an individual associated with    University of North Carolina Wilmington

3.) Please summarize why the case information from the Public Access to Court Electronic Records (PACER) service is needed and how it will be used.  Also, please explain why an exemption from the courts identified is necessary. If you need more space, please provide in an attachment.

See attached.

4.) In support of this application, I affirm the following:

a) An exemption from the Judicial Conference's EPA Fee is necessary in order to avoid unreasonable burdens and to promote public access to information.

b) That the exemption will be for a definitive period of time: April 1, 2021, to August 1, 2021

c) I understand that this fee exemption will apply only to me, will be valid only for the purposes stated above, and will apply only to the electronic case files of the court(s) indicated above that are available through the PACER service.

d) I agree that any data received through this exemption will not be sold for profit, will not be transferred, will not be used for commercial purposes, and will not be redistributed via the Internet.

[x] **Declaration:** I declare that all the above information is true and understand that a false statement may result in termination of my exempt access and an assessment of Electronic Public Access usage fees. (The box must be marked or your request will not be considered)

Emily M. Homer
Applicant's Printed Name

Visiting Assistant Professor
Applicant's Title

*Emily M Homer*
Applicant's Signature

(419) 618-8101
Applicant's Phone Number

HomerE@uncw.edu
Applicant's email address

UNCW, 601 S. College Rd., Bear Hall 223
Applicant's Mailing Address

Wilmington | NC | 28412
City | State | Zip Code

4-26-2021
Date

Please submit your completed, signed request via email to Multi-CourtExemptions@ao.uscourts.gov or by mail to:

Attention: Multi-Court Exemptions
Court Programs Division
DPS-CSO-PRGD
One Columbus Circle, N.E.
Washington, DC 20544

** Requests sent through the US mail may take up to two weeks to clear security.**